IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

MAY 03 2022

Nathan Ochsner, Clerk of Court

| | |
|---|---|
| JOSÉ D. IRAHETA § | |
| § | |
| PLAINTIFF, § | |
| § | |
| V. § | Case No. 22 CV 1411 |
| § | |
| CENTRAL LOAN ADMINISTRATION § | |
| AND REPORTING dba CENLAR FSB; § | JURY |
| CITIBANK, N.A.; § | |
| AMERICAN SECURITY INSURANCE § | |
| COMPANY; § | |
| JOHN DOE; § | |
| TRANSUNION LLC; § | |
| EQUIFAX INFORMATION SERVICES § | |
| LLC; § | |
| ANDREWS FEDERAL CREDIT UNION § | |
| § | |
| DEFENDANTS. § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

COMES NOW Plaintiff, complaining of and about the above-named Defendants.

I.   PARTIES AND SERVICE

1.   Plaintiff is a citizen and resident of the State of Texas.

2.   Defendant CENTRAL LOAN ADMINISTRATION AND REPORTING DBA CENLAR FSB ("CENLAR"), who has corporate offices in Ewing Township, NJ, at all times mentioned herein was doing business within Harris County, Texas. CENLAR is a federal savings bank organized under the laws of the United States.

3.   Defendant CITIBANK, N.A. ("CITI"), who has corporate offices in Sioux Falls, South Dakota, at all times mentioned herein was doing business within Harris County, Texas. CITI is a national banking organization organized under the laws of the United States.

4. Defendant AMERICAN SECURITY INSURANCE COMPANY (ASIC) is an insurance company engaged in the business of insurance in the State of Texas. ASIC may be served with process by serving its registered agent, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, TX 78701.

5. Plaintiff is ignorant of the true names and capacities of Defendant sued herein as JOHN DOE, inclusive, and therefore sues Defendant by such fictitious name and all persons unknown claiming to have conducted "property inspection" of Plaintiff's real property. Plaintiff will amend this complaint to allege the true name(s) and capacities when ascertained.

6. Defendant TRANSUNION LLC (TransUnion) is a consumer reporting agency, as defined by the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681a(f) et seq doing business in the State of Texas. TransUnion may be served with process by serving its registered agent, Prentice-Hall Corporation System, 701 Brazos St, Suite 1050, Austin, TX 78701.

7. Defendant EQUIFAX INFORMATION SERVICES LLC (Equifax) is a consumer reporting agency, as defined by the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681a(f) et seq doing business in the State of Texas. TransUnion may be served with process by serving its registered agent, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, TX 78701.

8. Defendant Andrews Federal Credit Union may be served by serving any of its corporate officers at 5711 Allentown Road, Suitland, MD 20746.

## II. JURISDICTION AND VENUE

9. This is an action over which the Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and 1343.

10. This is an action over which the Court has original jurisdiction pursuant to U.S.C. § 1332 jurisdiction given the fact that Defendants are citizens of different states, and the matter in controversy exceeds the sum or value of $75,000.

11. This Court is also the proper venue per 15 U.S.C. §1681 *et seq.*, specifically 15 U.S.C. §1681 which provides that an action to enforce any liability created under [15 U.S.C. §1681] may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction, not later than the earlier of (1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or (2) 5 years after the date on which the violation that is the basis for such liability occurs." The Defendants are engaged in business practices subject to the Court's jurisdiction.

12. The Court also has jurisdiction over the amount in controversy because the damages sought are within the jurisdictional limits of the Court.

13. Venue is proper as Defendants conduct business in this District and many of the incidents complained of occurred within the jurisdiction of this Court. Additionally, this Court has jurisdiction over the state law claims as well.

14. Venue is proper as the incidents complained of occurred within the jurisdiction of this Court. Additionally, this Court has jurisdiction over the state law claims as well.

### III. VIOLATIONS OF 15 U.S.C. §1681 et seq., to include §1681b, §1681c, §1681e, §1681g, §1681i, and § 1681s-2

15. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible

accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

16. The FCRA provides that if a CRA conducts an investigation of disputed information and confirms that the information is, in fact, inaccurate, or is unable to verify the accuracy of the disputed information, the CRA is required to delete that item of information from the consumer's file. See 15 U.S.C. § 1681i(a)(5)(A).

17. By failing to conduct a reasonable investigation into Plaintiff's disputes of the incorrect information of the CENLAR Account, each CRA willfully and/or negligently violated 15 U.S.C. § 1681i(a)(1) with respect to each dispute lodged by Plaintiff.

18. On numerous occasions, TransUnion and Equifax have prepared a patently false consumer report concerning Plaintiff and on each such instance, each CRA Defendant has willfully and/or negligently failed to follow reasonable procedures to assure maximum possible accuracy of the consumer reports it prepared and/or published pertaining to Plaintiff, in violation of Section 1681e(b).

19. Plaintiff's credit file contained, and continues to contain, inaccurate and incomplete information.

20. Plaintiff has a mortgage loan with CITI, that is now serviced by CENLAR, hereinafter the "CENLAR Account".

21. CENLAR, in May 2021, began reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereafter the "inaccurate information"). The inaccurate information includes inaccurate payment history, account status, incurred account balance, and incorrect monthly payment due. The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit

repayment history, Plaintiffs financial responsibility to debtors, Plaintiff's credit worthiness, Plaintiff's debt to income ration, and Plaintiff's credit scores.

22. From May 2021 to the present, CENLAR reported an incorrect monthly payment due that is approximately 60 percent more than the correct monthly payment. CENLAR's reports caused Plaintiff's credit score to drop 5 points, cause his debt to income ratio to increase, and defamed Plaintiff's character.

23. Plaintiff has disputed the inaccurate information with Defendants Trans Union and Equifax through written communications sent by US Postal Service and through the CRA Defendants' websites. These multiple negative actions of Defendants CENLAR resulted damage to the Plaintiffs' credit history which was intended to and actually did inflict emotional distress on the Plaintiff.

24. As of May 1, 2022, the CRA Defendants continued to report inaccurate payment history, account balance, and monthly payment amount of the CENLAR account. The CRA Defendants' actions are willful, malicious, and/or negligent violations of 15 U.S.C. §1681i(a)(5)(A)(i) & (ii).

25. As a direct consequence of the Defendants actions, and negligence, Plaintiff's credit score has been negatively affected. Given that credit grantors and insurance companies utilize the credit score as the basis to determine the terms of credit and insurance, Plaintiff has been injured by the denial of credit, and unfavorable credit and insurance terms for the credit and insurance policies Plaintiff has applied to between June 1, 2016 and August 1, 2017.

26.     For every tradeline and account that contained incorrect information Plaintiff disputed, each CRA Defendant willfully and maliciously failed to "indicate that fact in each consumer report that includes the disputed information", in violation of §1681c(f).

27.     As a result of each CRA Defendants willful and/or negligent violations of the FCRA, Plaintiff has suffered and continues to suffer damages, including but not limited to, economic loss due to denial of mortgage refinancing, loss of opportunity to obtain credit, denial of insurance, loss of opportunity to obtain insurance at more favorable rates, damage to reputation, expenditure of considerable time and out-of-pocket expenses, worry, fear, distress, frustration, and embarrassment.

28.     At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants, and/or employees, was malicious and was done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff.

29.     Therefore, Plaintiff is entitled to punitive damages to punish the Defendants for their deliberate, willful, and malicious conduct and to deter the Defendants and other CRAs and/or furnishers from engaging in such misconduct in the future.

30.     Plaintiff is entitled to recover damages pursuant to 15 U.S.C. §1681n for willful violations and/or 15 U.S.C. §1681i for negligent violations.

### IV.     JURY DEMAND

31.     Plaintiff respectfully requests a trial by Jury on all causes of action.

### V.     PRAYER

32.     Plaintiff prays that the Honorable Court, upon conclusion of trial, enters judgment against all Defendants, and further pray that:

A. Plaintiff recover actual, compensatory, statutory, and punitive damages in an amount to be determined by a jury; and

B. for such other and further relief, special or general, at law or in equity, to which Plaintiff may be duly entitled.

Respectfully submitted,

JOSÉ D. IRAHETA
2002 Timberloch Place
Suite 200
The Woodlands, TX 77380
Telephone: 832-755-3195
Facsimile: 832-827-4186
E-mail: irahetaj@gmail.com

**PLAINTIFF, *PRO SE***